

STATE OF NEW YORK

OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

LESLIE G. LEACH
Deputy Attorney General
State Counsel Division

*Writer's Direct Line*
*(212) 416-6696*

JUNE DUFFY
Assistant Attorney General
in Charge
Litigation Bureau

September 2, 2008

**VIA ECF**

The Hon. William H. Pauley
United States District Court Judge
United States District Court
500 Pearl Street, Room 2210
New York, New York 10007

RE:   Brian Davis v. Herbert Altman,
      Civil Action No. 07-CV-11313

Dear Judge Pauley:

      This office represents the Honorable Herbert I. Altman, Former Supreme Court Judge, New York County in the above-referenced litigation. We submit this letter pursuant to your Individual Practice Rule 3(A)(iii) to request a pre-motion conference in anticipation of filing a summary judgment motion in the above-referenced case pursuant to Federal Rule of Civil Procedure 56. The bases of the motion are that the plaintiff's claims against Judge Altman are barred by absolute judicial immunity, *res judicata*, Rooker-Feldman doctrine, the Eleventh Amendment and the plaintiff's failure to state a claim upon which relief can be granted.

**Background**

      Plaintiff, an inmate at Green Haven Correctional, was a defendant in a criminal case in Supreme Court, New York County. One of the prosecution witnesses, Edward Alexander, executed a cooperation agreement that stated that in exchange for his truthful testimony in the plaintiff's case, the District Attorney's Office would recommend a favorable sentence in his open criminal matter. Prior to Mr. Alexander testifying at trial, the People withdrew the cooperation agreement. The matter proceeded to trial with Mr. Alexander's testimony. The plaintiff was subsequently convicted of Murder in the Second Degree and sentenced to twenty-five years to life. While the People did make a recommendation at Mr. Alexander's sentencing, they left the final determination to the court, Judge Altman. Mr. Alexander's sentencing was conducted in closed proceedings and the record was sealed.

Plaintiff filed an affirmation in support of his motion to unseal the record of Mr. Alexander's record of sentencing. The New York County District Attorney filed an affirmation in opposition. By decision and order dated November 10, 2004, Justice William Wetzel denied plaintiff's motion. Plaintiff by this action seeks to challenge Judge Altman's sealing of the above-referenced matter.

**The Complaint Fails to State a Claim Against the Defendant**

Notwithstanding the fact that the plaintiff fails to state a claim against Judge Altman that would be the basis of a claim that would entitle him to relief, judges are immune from suit under 42 USCA § 1983 for acts performed in their official capacity. Judge Altman has absolute judicial immunity for judicial acts performed in his judicial capacity. Mireles v. Waco, 502 U.S. 9, 11 112 S.Ct. 286, (1991) ("judicial immunity is an immunity from suite, not just from the ultimate assessment of damages")(citations omitted); Butz v. Economou, 438 U.S. 478, 511, 98 S.Ct. 2894, (judges have absolute immunity "because of the special nature of their responsibilities");Imbler v. Pachtman, 424 U.S. 409, 419, 96 S.Ct. 984, (1976)(judges immune from liability for damages for acts committed within their judicial jurisdiction).

Plaintiff's complaint is also barred under the doctrine of *res judicata*. Plaintiff in the instant matter filed a motion in state court seeking the very relief that he is requesting here. Under the doctrine of *res judicata*, or claim preclusion, "once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the [first] action arose." Cieszkowska v. Gray Line New York, 295 F.3d 204, 2002 U.S. LEXIS 13542 (2d Cir. 2002)(quoting Marharaj v. BankAmerica Corp., 128 F.3d 94, 97 (2d Cir. 1997). This court has found that federal courts must give a state court decision the same preclusive effect that it would receive in state court. Falardo v. New York City Police Dep't, 2008 U.S. Dist. LEXIS 54778 (S.D.N.Y. July 17, 2008). Thus, the decision and order of November 10, 2004 would bar plaintiff's claim in the instant matter.

In addition, under the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction if the exercise of jurisdiction would result in the reversal or modification of state court judgments. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). "The jurisdiction possessed by the District Court is strictly original." Rooker, 263 U.S. at 416. Therefore, lower federal courts have no power to review state court proceedings or to set aside state court decisions, and the only permissible review is by the state's superior courts and/or the Supreme Court. See Feldman, 460 U.S. at 482-84, n.16, citing Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970) (Lower federal courts possess no power whatever to sit in direct review of state court decisions."). Federal district courts do not have jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Sassower v. Mangano, 927 F.Supp. 113, 119 (S.D.N.Y. 1996), aff'd 122 F.3d 1057 (2nd Cir. 1997), cert. denied, 525 U.S. 872 (1998).

"[T]he Rooker Feldman doctrine bars not only claims which would involve direct review of a state court decision, but also claims which are 'inextricably intertwined' with a state court's decisions." Kropelnicki v. Siegel, 290 F.3d 118, 128 (2nd Cir. 2002); Sassower v. Mangano, 927 F.Supp. at 119. For example, in Brown v. City of New York, 210 F. Supp.2d 235 (S.D.N.Y. 1999), plaintiff sued a judge under 42 U.S.C. § 1983, alleging that the judge had violated his constitutional rights during an arraignment because the judge had no authority to take action with respect to plaintiff's rape charges which were part of a separate criminal proceeding. Id. at 236. This Court found plaintiff's prayer for declaratory relief against the judge was barred by Rooker-Feldman doctrine, stating that "in order to adjudicate the plaintiff's claim, this Court would be required to reconsider issues already decided by a state court judge. Id. at 240.

    Currently, this matter is set for a telephone conference on September 19, 2008, at which time I will request that a briefing schedule be set by the court.

Respectfully,

/s/
Roberta L. Martin (RM-7044)
Assistant Attorney General

c: Brian Davis, Plaintiff *Pro se via Express Mail*

120 Broadway, New York, N.Y. 10271-0332 ● Phone (212) 416-8610 ● Fax (212) 416-6075 * **Not For Service of Papers**
http://www.oag.state.ny.us